UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH CARAMADRE,

Defendant,

and

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Garnishee.

Case No: CA16-428-S

(Related Case No. 1:11CR00186-01S)

ANSWER OF THE GARNISHEE
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

I, Angela Holland, BEING DULY SWORN, DEPOSE AND SAY:

That I am the Disability Claims Litigation Specialist for Garnishee The Prudential Insurance Corporation of America (incorrectly named as "Prudential Insurance Company of America") ("Prudential"), a corporation, organized under the laws of the State of New Jersey. On August 5, 2016, Garnishee Prudential was served with the Writ of Continuing Garnishment.

The Garnishee has custody, control or possession of the following property (non-earnings), in which the Defendant maintains an interest, as described below:

| Description of Property Including Account Number | Approximate Value | Description of Defendant's Interest in Property |
|---|---|---|
| a. None | $ 0 | N/A |
| b. | $ | |
| c. | $ | |

Garnishee anticipates owing to the Defendant in the future, the following amounts:

| Description of Property Including Account Number | Approximate Value | Estimate date or Period Due |
|---|---|---|
| a. None | $ 0 | N/A |
| b. | $ | |
| c. | $ | |

The Garnishee has the following objections, defenses, or setoffs to the government's right to apply the Garnishee's indebtedness to the Defendant upon the government's claim:

The Garnishee does not have in its possession or control any property belonging to the Defendant, or in which the Garnishee has an interest, and is in no manner liable as Garnishee in this action for the following reason(s):

Please see attached addendum.

In addition to filing the original Answer and Addendum with the Clerk of United States District Court at One Exchange Terrace, Providence, Rhode Island 02903, the Garnishee has mailed a copy of this Answer and Addendum by first-class mail to (1) the Defendant, Joseph Caramadre, Register #08549-070, FMC Devens 42 Patton Road, P.O. Box 879, Ayer, Massachusetts 01432, and (2) the United States Attorney for the District of Rhode Island, Attention: Mary Rogers, Assistant U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903.

[signature]
Garnishee

Subscribed and sworn to before me this 10 day of August, 2016.

[signature] Amy P Small
Notary Public
(Seal)

AMY P. SMALL
Notary Public, Maine
My Commission Expires April 3, 2019

28410193v.1

My Commission expires: 4/3/19

AMY P. SMALL
Notary Public, Maine
My Commission Expires April 3, 2019

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH CARAMADRE,

Defendant,

and

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Garnishee.

Case No:

(Related Case No. 1:11CR00186-01S)

ADDENDUM TO ANSWER OF THE GARNISHEE THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

I, Angela Holland, Disability Claims Litigation Specialist for Garnishee The Prudential Insurance Corporation of America (incorrectly named as "Prudential Insurance Company of America") ("Prudential"), in support of the Answer of the Garnishee The Prudential Insurance Company of America do hereby state as follows:

On July 7, 2016, Joseph Caramadre filed in the State of Rhode Island and Providence Plantations Superior Court-Providence County a lawsuit naming Prudential as a defendant seeking long-term disability ("LTD") benefits under a group disability insurance policy (Civil Action File Number PC-2016-3159, attached hereto). Prudential removed Plaintiff's complaint to the United States District Court for the District of Rhode Island on July 29, 2016 (Case No. 1:16-cv-00427). On August 4, 2016, Plaintiff filed his Opposition to Removal.

Plaintiff's claims arise out of a group disability insurance policy issued to The American Institute of Certified Public Accountants Trust. Plaintiff applied for LTD benefits, and Prudential initially approved a $2,000 monthly benefit. Prudential subsequently closed Plaintiff's LTD

claim and stopped paying benefits effective on October 31, 2014, after finding that Plaintiff did not meet the definition of disability as set forth in the insurance policy. Prudential has not paid Plaintiff any LTD benefits since that time. Plaintiff now seeks to recover LTD benefits by way of a breach of contract claim, stating that he continues to meet the definition of disability under the policy. Plaintiff also asserts a claim for breach of the duty of good faith dealing. He seeks compensatory, consequential, treble, and punitive damages as well as costs and attorneys' fees.

Prudential disputes Plaintiff's claims and takes the position that its decision to terminate benefits was correct, that it did not violate the contract or any applicable laws, and that no additional benefits or ensuing damage are owed to Plaintiff. The litigation is ongoing.

Plaintiff has no other claim under any other insurance policy with Prudential and Prudential is not otherwise paying Plaintiff any benefits.

____________________________
Garnishee

Subscribed and sworn to before me this
10 day of August, 2016.

Amy P. Small
Notary Public
(Seal)

My Commission expires: 4/3/2019

AMY P. SMALL
Notary Public, Maine
My Commission Expires April 3, 2019